IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: GIUSEPPE BOTTIGLIERI    )    MISC. NO. 12-00003-WS-B
SHIPPING COMPANY S.P.A.        )

### ORDER

This action is before the Court on Petitioner Giuseppe Bottiglieri Shipping Company S.P.A.'s Emergency Petition for an Order Authorizing Depositions to Perpetuate the Testimony of the Crew of the M/V Bottiglieri Challenger (Doc. 1), supporting briefs and the Government's responses in opposition.  A conference was conducted by telephone on March 6, 2012, with counsel for the parties attending by telephone. Based upon a review of the parties' briefs, and the representations of counsel at the conference, the undersigned finds that the motion is due to be **DENIED**.

**I. Background Facts**

The M/V Bottiglieri Challenger (hereinafter "Vessel") is a Vessel owned and operated by Petitioner Giuseppe Bottiglieri Shipping Company S.P.A., and registered in Italy[1].  On January 24, 2012, the Vessel was in the Port of

---

[1] The complete background facts are set forth in Chief Judge Steele's Order dated February 17, 2012 in Giuseppe Bottiglieri Shipping Company S.P.A., et al. v United States, et al., Civil Action No. 12-00059-WS-B, (Doc. 32).

Mobile to unload a cargo of steel plates. The following day, the U.S. Coast Guard boarded the Vessel for eight hours, during which time they interviewed the ship's master and crewmembers concerning possible violations of the Act to Prevent Pollution from Ships, 33 U.S.C. Sections 1901 et seq. ("APPS"). (Docs. 1, 7).

On January 26, 2012, the Coast Guard delivered to the Vessel a letter setting forth its determination that "there is reasonable cause to believe that the [Vessel], its owner, operator, person in charge, or crew member(s) may be subject to a fine for civil penalty." The Coast Guard also notified the Vessel that it had requested that the United States Customs and Border Protection ("CBP") withhold the Vessel's departure clearance to leave the Port of Mobile, and CBP had done so. Petitioner engaged in negotiations with the Coast Guard for a Surety Agreement so that the Vessel could obtain departure clearance. When these negotiations stalled, Petitioner initiated a legal action in this Court. See Giuseppe Bottiglieri Shipping Co. S.P.A., Civil Action No. 12-00059-WS-B. In an Order dated February 17, 2012, Chief Judge Steele dismissed the action

---

In the Order, Chief Judge Steele dismissed the action for lack of jurisdiction and/or a private right of action. (Id. at Doc. 32)

for lack of jurisdiction and/or a private right of action. (Id. at Doc. 32).

On February 9, 2012, a Criminal Complaint and Arrest Warrant were issued for Vito La Forgia, (the Vessel's chief engineer). See United States v. Vito La Forgia, Mag. No. 12-00014-B. The Complaint alleged that La Forgia provided false statements to the U.S. Coast Guard on January 25, 2012, in violation of 18 U.S.C. Section 1519[2]. La Forgia was arrested and had an initial appearance before the Court on February 9, 2012.  He was allowed to remain free on conditions, including the surrender of his passport, and travel was restricted to this judicial district. (Id.) Material witness warrants were also issued for seven other crewmembers (Master Mario Salierno, Fourth Engineer Papy Paalisbo Bucol, Electrician Stephen Carrillo Mondigo, Fitter Donald Dinulma Tidang, Third Engineer Geoffrey Rasay Bagcal, Second Engineer Mauro Serra, and Oiler Rey Dato-On Arebejo).[3]  They too were arrested and appeared in Court on February 10, 2012.  They were

---

[2] According to the Compliant, La Forgia obstructed justice by failing to accurately record in the Vessel's Oil Record Book as required  for discharges of oil-contaminated machinery space waste, in violation of 18 U.S.C. § 1519.

[3] During the hearing, counsel for the government advised that Petitioner had notified six of the crew members that the company would no longer be providing wages and lodging for them and had made arrangements to have them returned to their home country of the Philippines.

3

released on conditions, including the surrender of their passports, and travel was restricted until receipt of departure clearance. (Id.)

On February 10, 2012, Petitioner filed the instant Verified Emergency Motion for an Order Authorizing Depositions to Perpetuate the Testimony of the Crew of the M/V Bottiglieri Challenger Pursuant to Fed. R. Civ. P. 27. (Doc. 1).  Petitioner sought an order authorizing the depositions of twenty-eight (28) current or former foreign crew members of the Vessel. As grounds for the motion, Petitioner alleged that the witnesses' testimony needed to be preserved for use in future civil or criminal proceedings the United States government has stated it will commence against the Petitioner.

According to Petitioner, each of the crewmembers is a foreign national and is free to leave the United States at any time. Petitioner further alleges that each of the crewmembers worked and lived aboard the Vessel in the weeks and months leading up to the Coast Guard's January 2012 inspection and would be expected to provide first hand knowledge concerning the Petitioner's rules, training programs, required practices and procedures, as well as first hand, eye witness account of shipboard practices and crewmember actions, and information regarding the operation

4

of the deck department, engine room and the Vessel's pollution control equipment, including its oily water separator and incinerator. In a hearing conducted on February 10, 2012, Petitioner was directed to file a supplemental motion which provides detailed information regarding the facts that the Petitioner seeks to establish through the proposed testimony and the expected testimony of each deponent.

In response, Petitioner filed a Supplemental Memorandum (Doc. 5) on February 13, 2012. In the Supplemental Memorandum, Petitioner identifies twenty (20) crewmembers whose testimony it is seeking to preserve. According to Petitioner, twelve (12) of the crewmembers, namely Michele D' Ambrosio, Anthony Barredo Gaston, Massimo Olivari, Filippo Spampinato, Federico Iozia, Giuseppe D'Amico, Bobby Bangcava Pido, Raffaele Landolfi, Edwin Malingin Inoc, Romeo Jr. Achas Salcedo, Arne Babor Ansino and Micheal Cabrito Santiago, joined the Vessel *after* it docked in Mobile and the Coast Guard conducted the inspection of the Vessel. The remaining crewmembers, Yuriy Chaika, Judy Edep Gugma, Rex Galisim Rubino, Leoner Natividad Maghinang, Armando Mosquito Payosing, Joel Aquino Gempero, James Sipliciano Galzote and Conrado Jr. Digal, were all on the Vessel when it docked in Mobile under

contracts commencing November 2011 or earlier. (Doc. 5). Petitioner asserts that each of these individuals will be able to provide first hand knowledge about Petitioner's strict adherence to MARPOL, Petitioner's policies regarding pollution and safety, Petitioner's procedures for reporting pollution events and for reporting violations of the company's pollution policies, Petitioner's training and meetings regarding pollution and safety, and the lack of any knowledge regarding violations of the company's environmental policies or regulations or any international law.

In its response in opposition to Petitioner's motion, the Government argues that Petitioner's attempt to use Rule 27 is improper because this is a criminal investigation, and Petitioner should not be allowed to circumvent the rules and statutes that govern civil cases. (Doc. 7). The Government further contends that to the extent Petitioner seeks to preserve the testimony of a witness who may be beyond the jurisdiction of the Court when his or her testimony is needed, 18 U.S.C. § 3144 provides a procedure for the arrest of a material witness in a criminal proceeding, and Fed. Crim. R. 15 authorizes depositions in exceptional circumstances to preserve testimony. The Government also asserts that to the extent Petitioner is

subjected to a civil penalty, it is an administrative proceeding heard by Coast Guard hearing officers rather than an action cognizable in a United States court. (Id.)

The Government filed a supplemental response on March 5, 2012. (Doc. 9). In the response, the Government advised that on last week, the Grand Jury returned an indictment against Petitioner and Vito La Forgia for conspiracy, obstruction of justice, and violation of the Act to Prevent Pollution from Ships. A status conference was conducted on March 6, 2012, with counsel for the parties participating by telephone. Counsel for Petitioner advised that notwithstanding the fact that criminal charges are now pending against Petitioner and La Forgia, Petitioner is entitled to utilize Rule 27 to preserve testimony in this case.

**I. Discussion**

Rule 27 of the Federal Rules of Civil Procedure provides a mechanism for perpetuating testimony before trial. In re Compania Chilena de Navegacion Interoceanica S.A., 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. Jan. 29, 2004). The rule state in relevant part: "A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse

7

party resides." Fed. R. Civ. P. 27.  In order to obtain discovery under this rule, the movant must show that (1) it expects to be a party to an action that may be cognizable in any court of the United States but is unable to be brought presently, (2) it must set forth the subject matter of the expected action and the petitioner's interest in such an action, (3) it must present facts which the petitioner seeks to establish through the proposed testimony and the reasons for desiring to perpetuate that testimony at this time; (4) it must provide the names or descriptions of the expected adverse parties; and (5) the names and addresses of the witnesses to be examined and the substance of the testimony petitioner expects to obtain from those witnesses. Fed. R. Civ. P. 27(a)(1).

The undersigned finds that in light of the indictment recently returned by the Grand Jury against Petitioner and Vito La Forgia, this matter is no longer in the prelitigation stage; thus, Rule 27 is not applicable.[4] Instead, both rule 15[5] of the Federal Rules of Criminal

---

[4] Petitioner's reliance on In re Blow Wind Shipping Ltd, 267 F.R.D. 32 (D. Maine 2010) is misplaced because no criminal proceedings had been commenced in that case.

[5] Federal Rule of Criminal Procedure 15 provides, in relevant part,

Procedure and 18 U.S.C. § 3144 [6] provide mechanisms for criminal defendants, such as Petitioner, to preserve material evidence that may not be available at trial. Although fully cognizant of the fact that this matter is no longer in the prelitigation stage as a result of the pending indictment, Petitioner has made no attempt to utilize either rule 15 [7] or 18 U.S.C. § 3144 in order to preserve the testimony of the crewmembers identified in its

---

A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. Fed. Crim. P. 15.

[6] 18 U.S.C. section 3144 provides that "If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of [Title 18].

[7] The Eleventh Circuit has set forth the following three factors in assessing whether exceptional circumstances justify a deposition pursuant to Rule 15, namely:

> (1) whether the witness was unavailable to testify at trial; (2) whether injustice would result because testimony material to the movant's request would be absent; and (3) whether countervailing factors rendered taking the deposition unjust to the nonmoving party.

United States v. Ramos, 45 F.3d 1519, 1522-23 (11th Cir. 1995)(citing United States v. Drogoul, 1 F.3d 1546, 1554 (11th Cir. 1993))

9

petition. Accordingly, Petitioner's Motion to Perpetuate Testimony Pursuant to Rule 27 is **DENIED**.

    **DONE** this **9th** day of **March, 2012.**

                                    /s/SONJA F. BIVINS
                             **UNITED STATES MAGISTRATE JUDGE**